IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **EDWARD MCLEAN** | : | **JURY TRIAL DEMANDED** |
| 495 SOUTH EMERSON AVENUE | : | |
| LINDENWOLD, NJ 08021 | : | **CIVIL ATION** |
| and | : | |
| **HERMINIA MIRANDA** | : | |
| 495 SOUTH EMERSON AVENUE | : | |
| LINDENWOLD, NJ 08021 | : | |
| and | : | |
| **XAVIER MCLEAN** | : | |
| 495 SOUTH EMERSON AVENUE | : | |
| LINDENWOLD, NJ 08021 | : | |
| and | : | |
| **STEVEN MCLEAN, A MINOR BY AND THROUGH** | : | |
| **HIS PARENT AND NATURAL GUARDIAN EDWARD** | : | |
| **MCLEAN** | : | |
| 495 SOUTH EMERSON AVENUE | : | |
| LINDENWOLD, NJ 08021 | : | |
| and | : | |
| **ISABELLA MCLEAN, A MINOR BY AND THROUGH** | : | |
| **HIS PARENT AND NATURAL GUARDIAN EDWARD** | : | |
| **MCLEAN** | : | |
| 495 SOUTH EMERSON AVENUE | : | |
| LINDENWOLD, NJ 08021 | : | |
| **Plaintiffs** | : | |
| | : | |
| v. | : | |
| | : | |
| **POLICE OFFICER EDDIE DOE** | : | NO. _____ |
| 1733 TOWNSHIP GREENE | : | |
| JAMISON, PA 18929 | : | |
| and | : | |
| **SERGEANT JOHN DOE** | : | |
| 1733 TOWNSHIP GREENE | : | |
| JAMISON, PA 18929 | : | |
| and | : | |
| **POLICER OFFICERS JOHN DOE 1--3** | : | |
| 1733 TOWNSHIP GREENE | : | |
| JAMISON, PA 18929 | : | |
| and | : | |

| | |
|---|---|
| **WARWICK TOWNSHIP** | : |
| 1733 TOWNSHIP GREENE | : |
| JAMISON, PA 18929 | : |
| **Defendants** | : |

## CIVIL COMPLAINT

### I. INTRODUCTION

1. Plaintiffs bring this action for damages brought pursuant to 42 U.S.C. §§ 1983 and 1988, against Defendants as a result of the individual Defendants forcibly entering Plaintiffs home without a warrant, using excessive force against Plaintiff, Edward McLean while in his home, and the Township's failure to enforce a policy or training that would have prevented these violations of Plaintiffs' rights.

### II. JURISDICTION AND VENUE

2. This Court has jurisdiction over the claims brought under § 1983 under 28 U.S.C. §§1331 and 1343.

3. This Court has jurisdiction over the state law claims under 28 U.S.C. § 1367 and the principles of pendant and ancillary jurisdiction.

4. Venue is proper under 28 U.S.C. §1391(b) because the causes of action upon which the complaint is based arose in the Warwick Township, Bucks County, Pennsylvania, which is in the Eastern District of Pennsylvania.

### III. PARTIES

5. Plaintiff, Edward McLean, is an adult citizen and resident of the Commonwealth of Pennsylvania, residing as captioned.

6. Plaintiff, Herminia Miranda, is an adult citizen and resident of the Commonwealth of Pennsylvania, residing as captioned.

7. Plaintiff, Xavier McLean, is an adult citizen and resident of the Commonwealth of Pennsylvania, residing as captioned.

8. Plaintiff, Steven McLean, is a minor child citizen and resident of the Commonwealth of Pennsylvania, residing as captioned.

9. Plaintiff, Isabella McLean, is a minor child citizen and resident of the Commonwealth of Pennsylvania, residing as captioned.

10. Plaintiff, Edward McLean, is the natural parent and guardian of Plaintiffs, Steven McLean and Isabella McLean.

11. Defendant, Police Officer Eddie Doe (Possibly Edward Loux), is an adult citizen believed to be a resident of the Commonwealth of Pennsylvania who, at all relevant times, was employed as a law enforcement officer by the Warwick Township Police Department and is being sued in his individual and official capacities. Defendant, Eddie Doe, is designated by a fictitious name because his identity remains unknown to Plaintiffs despite the exercise of reasonable diligence.

12. Defendant, Sergeant John Doe, is an adult citizen believed to be a resident of the Commonwealth of Pennsylvania who, at all relevant times, was employed as a law enforcement officer by the Warwick Township Police Department and is being sued in his individual and official capacities. Defendant, Sergeant John Doe, is designated by a fictitious name because his identity remains unknown to Plaintiffs despite the exercise of reasonable diligence.

13. Defendants, Police Officers John Doe 1-3, are adult individuals believed to be residents of the Commonwealth of Pennsylvania who, at all relevant times, were employed as law enforcement officers by the Warwick Township Police Department and are being sued in their individual and official capacities.

       Defendants, Police Officers Doe 1-3, are designated by fictitious names because their identities remain unknown to Plaintiffs despite the exercise of reasonable diligence.

14. Defendant, Warwick Township, is a municipal corporation organized under the laws of the Commonwealth of Pennsylvania, with a main office/principal place of business located as captioned.

15. At all relevant times, Defendant Warwick Township acted or failed to act by and through their officers, agents, servants, and/or employees, then and there acting within the course and scope of their agency, servanthood, and/or employment, and pursuant to the policies, practices, and customs of Defendant Warwick Township and/or the Warwick Township Police Department including, but not limited to, the named individual Defendants.

16. At all relevant times, Defendants Police Officer Eddie Doe, Sergeant John Doe and Police Officers John Doe 1–3 were acting within the course and scope of their employment, under the color of state law, and pursuant to the customs, policies, and practices of Warwick Township and the Warwick Township Police Department.

## IV. OPERATIVE FACTS

17. On January 22, 2023, at approximately 9:15 p.m., Plaintiff, Edward McLean, was with Plaintiff, Herminia Miranda, and three (3) children, Plaintiffs, Xavier McLean, Steven McLean and Isabella McLean, at his former residence located at 1055 West Bristol Road in Warwick, Pennsylvania.

18. At the above date, time and location, Defendants, Police Officer Eddie Doe, Sergeant John Doe, and Police Officers John Doe 1 – 3, arrived at Plaintiffs home, punched through their screen door, pulled the door off the hinges,

        entered the home without a warrant and violently assaulted Plaintiff, Edward McLean, by punching him in the chest, slamming him to the ground, and handcuffing him.

19. At the above date, time and location, Defendants, who were responding to a report of domestic violence, were made aware that they were at the wrong address.

20. As a direct and proximate result of the above, Plaintiffs suffered anguish, humiliation, and emotional distress and will continue to do so for an indefinite time, to their great detriment and loss.

21. As a further direct and proximate result of the above, Plaintiff, Edward McLean, has suffered physical injuries and/or aggravations thereto, including but not limited to:

    a. Left posterolateral disc extrusion with superior migration at L4-L5 causes severe left lateral recess stenosis and moderate to severe left neuroforaminal stenosis;

    b. Impingement upon the exiting left L4 nerve root and the descending left L5 nerve root;

    c. Bulging of intervertebral disc between L4 and L5;

    d. Lumbosacral radiculitis with sprain and strain;

    e. Lower thoracic sprain and strain and muscle spasm;

    f. Left L5-S1 radiculopathy and left peroneal neuropathy at the fibular head;

    g. Lumbar left posterolateral disc extrusion with 5 mm of superior migration of the disc material causing severe left lateral recess stenosis and moderate to severe left neural foraminal stenosis;

    h. Minimal right neural foraminal stenosis at L4-L5;

    i. Lumbar sprain/strain;

    j. Myofascial pain; and

k. Radiculopathy, lumbar region.

22. As a direct and proximate result of the aforementioned acts and failures to act of Defendants, Plaintiff, Edward McLean, has incurred various expenses for medical treatment, which may continue for an indefinite period into the future, to his great detriment and loss. Expenses to date include, but are not limited to:

| | |
|---|---:|
| Tower Health Urgent Care<br>1/23/23 | $170.00 |
| Volunteer Medical Services Corps of Lansdale<br>2/26/23 | $1,154.00 |
| Doylestown Hospital<br>Emergency Room Department<br>2/28/23 | $9,179.50 |
| Tri-County Pain Management<br>3/22/23 | $ |
| Princeton Brain & Spine<br>7/27/23 | $ |
| Huntingdon Valley Pain Injections<br>4/18/23 & 8/6/24 | $ |
| + | _____ |
| PARTIAL TOTAL: | $10,503.50 |

23. As a further direct and proximate result of the above, Plaintiffs suffered property damage to their great detriment and loss.

24. As a further direct and proximate result of the above, Plaintiffs have or may have suffered a loss of earnings and/or earnings potential.

25. As a direct and proximate result of the aforementioned acts and failures to act of Defendants, Plaintiffs have incurred various other expenses, which

may continue for an indefinite period into the future, to their great detriment and loss.

### COUNT I – 42 U.S.C. § 1983
### FOURTH AND FOURTEENTH AMENDMENTS—ILLEGAL ENTRY
### EDWARD MCLEAN, HERMINIA MIRANDA, XAVIER MCLEAN, STEVEN MCLEAN AND ISABELLA MCLEAN V. POLICE OFFICER EDDIE DOE, SERGEANT JOHN DOE, AND POLICE OFFICERS JOHN DOE 1 – 3

26. All preceding paragraphs are incorporated by reference as if fully set-forth herein.

27. Defendants, Police Officer Eddie Doe, Sergeant John Doe, and/or Police Officers John Doe 1-3, entered Plaintiffs home under color of law in their capacity as law enforcement officers.

28. At that time, Defendants Police Officer Eddie Doe, Sergeant John Doe, and/or Police Officers John Doe 1-3, lacked a search or arrest warrant.

29. The above-described acts and failures to act of Defendants Police Officer Eddie Doe, Sergeant John Doe, and/or Police Officers John Doe 1-3 violated Plaintiffs rights under the Fourth and Fourteenth Amendments to the United States Constitution, the laws of the United States and of the Commonwealth of Pennsylvania, and 42 U.S.C. § 1983.

30. The acts and failures to act of Defendants Police Officer Eddie Doe, Sergeant John Doe, and/or Police Officers John Doe 1-3, were so malicious, intentional, reckless, and/or recklessly indifferent to Plaintiffs rights and well-being that the imposition of punitive damages is warranted.

**WHEREFORE**, pursuant to 42 U.S.C. §§ 1983 and 1988, Plaintiffs, Edward McLean, Herminia Miranda, Xavier McLean, Steven McLean and Isabella McLean, demand compensatory and punitive damages against Defendants, Police Officer Eddie Doe, Sergeant John Doe, and Police Officers John Doe 1-3, jointly and/or severally, in an amount

sufficient to fully and adequately compensate Plaintiffs, punish Defendants, and deter Defendants and others similarly situated to Defendants, plus interest, costs, attorney's fees, and all other appropriate relief.

### COUNT II – 42 U.S.C. § 1983
### FOURTH AND FOURTEENTH AMENDMENTS—EXCESSIVE FORCE
### EDWARD MCLEAN V. POLICE OFFICER EDDIE DOE, SERGEANT JOHN DOE, AND POLICE OFFICERS JOHN DOE 1 – 3

31. All preceding paragraphs are incorporated by reference as if fully set-forth herein.

32. Defendants, Police Officer Eddie Doe, Sergeant John Doe, and/or Police Officers John Doe 1-3, use of force against Plaintiff, Edward McLean, including but not limited to punching him in the chest, slamming him to the floor, and pushing him up against a wall were unreasonable given the circumstances.

33. Plaintiff was behaving cooperatively and peaceably, reasonably under the circumstances, and not in any way that would have given Defendants reasonable suspicion to believe he was armed and dangerous.

34. The above-described acts and failures to act of Defendants Police Officer Eddie Doe, Sergeant John Doe, and/or Police Officers John Doe 1-3 violated Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution, the laws of the United States and of the Commonwealth of Pennsylvania, and 42 U.S.C. § 1983.

35. The acts and failures to act of Defendants Police Officer Eddie Doe, Sergeant John Doe, and/or Police Officers John Doe 1-3, were so malicious, intentional, reckless, and/or recklessly indifferent to Plaintiff's rights and well-being that the imposition of punitive damages is warranted.

**WHEREFORE**, pursuant to 42 U.S.C. §§ 1983 and 1988, Plaintiff, Edward McLean, demands compensatory and punitive damages against Defendants, Police Officer Eddie Doe, Sergeant John Doe, and Police Officers John Doe 1-3, jointly and/or severally, in an amount sufficient to fully and adequately compensate Plaintiff, punish Defendants, and deter Defendants and others similarly situated to Defendants, plus interest, costs, attorney's fees, and all other appropriate relief.

**COUNT III – 42 U.S.C. § 1983**
**BYSTANDER LIABILITY-FAILURE TO INTERVENE**
**EDWARD MCLEAN, HERMINIA MIRANDA, XAVIER MCLEAN, STEVEN MCLEAN AND ISABELLA MCLEAN V. POLICE OFFICER EDDIE DOE, SERGEANT JOHN DOE, AND POLICE OFFICERS JOHN DOE 1 – 3**

36. All preceding paragraphs are fully incorporated herein by reference.

37. Defendants, Police Officer Eddie Doe, Sergeant John Doe, and/or Police Officers John Doe 1-3 had a constitutional and/or statutory duty to intervene when Plaintiffs home was illegally entered, when they were illegally seized, and/or when excessive force was used against them.

38. Defendants, Police Officer Eddie Doe, Sergeant John Doe, and/or Police Officers John Doe 1-3, were present while Plaintiffs rights were being violated, knew that their rights were being violated, and had a reasonable opportunity to intervene in the aforementioned violations of their constitutional rights.

39. Defendants, Police Officer Eddie Doe, Sergeant John Doe, and/or Police Officers John Doe 1-3, despite their knowledge and opportunity to intervene, failed to do so, resulting in Plaintiffs sustaining injuries and harm.

40. The acts and failures to act of Defendants, Police Officer Eddie Doe, Sergeant John Doe, and/or Police Officers John Doe 1-3, were so malicious, intentional,

reckless, and/or recklessly indifferent to Plaintiffs rights and well-being that the imposition of punitive damages is warranted.

**WHEREFORE**, pursuant to 42 U.S.C. §§ 1983 and 1988, Plaintiffs, Edward McLean, Herminia Miranda, Xavier McLean, Steven McLean and Isabella McLean, demand compensatory and punitive damages against Defendants, Police Officer Eddie Doe, Sergeant John Doe, and Police Officers John Doe 1-3, jointly and/or severally, in an amount sufficient to fully and adequately compensate Plaintiffs, punish Defendants, and deter Defendants and others similarly situated to Defendants, plus interest, costs, attorney's fees, and all other appropriate relief.

**COUNT IV – 42 U.S.C. § 1983**
**SUPERVISORY LIABILITY**
**EDWARD MCLEAN, HERMINIA MIRANDA, XAVIER MCLEAN, STEVEN MCLEAN AND ISABELLA MCLEAN V. SERGEANT JOHN DOE**

41. All preceding paragraphs are incorporated by reference as if fully set-forth herein.

42. Defendant Sergeant John Doe was the highest-ranking employee of the Warwick Township Police Department at the scene of the above-described incident.

43. Defendant Sergeant John Doe was the supervisor of Defendants Police Officer Eddie Doe and Police Officers John Doe 1–3.

44. Defendant Allen was present for the above-described incident and had actual knowledge of the violations of Plaintiffs constitutional rights.

45. Defendant Sergeant John Doe directed Defendants Police Officer Eddie Doe and Police Officers John Doe 1-3 to take the actions described above that violated Plaintiffs constitutional rights, participated in said violations, condoned said violations, and/or acquiesced to said violations.

46. The acts and failures to act of Defendant Sergeant John Doe were so malicious, intentional, reckless, and/or recklessly indifferent to Plaintiffs rights and well-being that the imposition of punitive damages is warranted.

**WHEREFORE**, pursuant to 42 U.S.C. §§ 1983 and 1988, Plaintiffs, Edward McLean, Herminia Miranda, Xavier McLean, Steven McLean and Isabella McLean, demand compensatory and punitive damages against Defendant, Sergeant John Doe, in an amount sufficient to fully and adequately compensate Plaintiffs, punish Defendants, and deter Defendants and others similarly situated to Defendants, plus interest, costs, attorney's fees, and all other appropriate relief.

### COUNT V – 42 U.S.C. § 1983
### CONSPIRACY
### EDWARD MCLEAN, HERMINIA MIRANDA, XAVIER MCLEAN, STEVEN MCLEAN AND ISABELLA MCLEAN V. POLICE OFFICER EDDIE DOE, SERGEANT JOHN DOE, AND POLICE OFFICERS JOHN DOE 1 – 3

47. All preceding paragraphs are fully incorporated herein by reference.

48. As demonstrated by their concerted conduct, Defendants, Police Officer Eddie Doe, Sergeant John Doe, and/or Police Officers John Doe 1-3, entered into an agreement or reached a meeting of the minds to violate Plaintiffs constitutional rights in the ways described above.

49. The actions of Defendants, Police Officer Eddie Doe, Sergeant John Doe, and/or Police Officers John Doe 1-3, were so malicious, intentional, reckless, or recklessly indifferent to Plaintiffs rights and well-being that the imposition of punitive damages is warranted.

**WHEREFORE**, pursuant to 42 U.S.C. §§ 1983 and 1988, Plaintiffs, Edward McLean, Herminia Miranda, Xavier McLean, Steven McLean and Isabella McLean, demand compensatory and punitive damages against Defendants, Police Officer Eddie Doe, Sergeant John Doe, and Police Officers John Doe 1-3, jointly and/or severally, in an amount

sufficient to fully and adequately compensate Plaintiffs, punish Defendants, and deter Defendants and others similarly situated to Defendants, plus interest, costs, attorney's fees, and all other appropriate relief.

### COUNT VI – 42 U.S.C. § 1983
*MONELL* CLAIM
EDWARD MCLEAN, HERMINIA MIRANDA, XAVIER MCLEAN, STEVEN MCLAIN AND ISABELLA MCLEAN V. WARWICK TOWNSHIP

50. All preceding paragraphs are incorporated by reference as if fully set-forth herein.

51. Defendant Warwick Township and its Chief of Police Mark Goldberg were the final policymakers for the Warwick Township Police Department.

52. The failure of Defendant Warwick Township to adopt adequate policies, practices, and customs and provide adequate training to their law enforcement officers regarding the requirements for entering into a private home without a warrant, including the need to confirm they are at the correct address before breaking down the front door and entering without a warrant, was deliberately indifferent to the constitutional rights of its citizens, and was the proximate cause of the illegal entry into the Plaintiffs home.

53. Plaintiffs believe and therefore aver that Defendant Warwick Township has adopted and maintained for years a recognized and accepted policy, practice, and custom of condoning and/or acquiescing to law enforcement officers, including the individually named Defendants, failing to investigate and confirm that Defendants had accurate information to respond to a reported domestic call, including but not limited to, checking the proper address of the reported incident.

54. Plaintiffs believe and therefore aver that Defendant Warwick Township has adopted and maintained inadequate training for law enforcement officers, including the individually named Defendants, on how to determine the correct address before entering without a warrant and violating the constitutional rights of individuals inside, such as the Plaintiffs.

55. Plaintiffs believe and therefore aver that Defendant Warwick Township has adopted and maintained for years a recognized and accepted policy, practice, and custom of condoning and/or acquiescing to law enforcement officers, including the individually named Defendants, use of unconstitutional force and illegal restraint on the liberty of individuals not described/named in the domestic call, like Plaintiff Edward McLean, during the entry into the wrong home without a warrant. Said policy, custom, and/or practice violates the Fourth Amendment as applied to the States through the Fourteenth Amendment of Constitution of the United States, the Laws of the United States, and of the Commonwealth of Pennsylvania.

56. Plaintiffs believe that Defendant Warwick Township has failed to adequately train their law enforcement officer in the constitutional limits on the use of force on residents and innocent bystanders during the entry to a home without a warrant and that this failure constituted deliberate indifference to the constitutional rights of its citizens and was the proximate cause of the injuries to the Plaintiffs.

57. Plaintiffs believe and therefore aver that Defendant Warwick Township has systematically failed to discipline law enforcement officers, including the individually named Defendants, for unconstitutionally using excessive force on and restraining the liberty of residents and innocent bystanders, including

individuals not described/named in in the 911 domestic call, like Plaintiff Edward McLean, during the entry into a private residence. This failure violates the Fourth Amendment as applied to the States through the Fourteenth Amendment of Constitution of the United States, the Laws of the United States, and of the Commonwealth of Pennsylvania.

58. Plaintiffs believe and therefore aver that Defendant Warwick Township has been deliberately indifferent to the rights of citizens of the Township of Warwick, Pennsylvania, to be free from police officers illegally entering their homes, using excessive force and unlawful detention, and said indifference violates Plaintiffs rights under the Fourth and Fourteenth Amendments of the United States Constitution.

59. Plaintiffs believe and therefore aver that Defendant Warwick Township was aware of the aforementioned policies, practices, and customs, for a substantial period of time, and despite that knowledge, failed to take steps to terminate said practices, failed to properly supervise or discipline officers, including the individually named Defendants, failed to effectively train law enforcement officers with regard to the legal limits on their authority, and instead sanctioned, acquiesced, and/or were deliberately indifferent to the policies, practices, and customs that violated the constitutional rights of individuals such as Plaintiffs.

60. Plaintiffs believe and therefore aver that Defendant Warwick Township knew or should have known of the aforementioned policies, practices, and customs, as well as the inadequate training, and discipline of law enforcement officials of Warwick Township Police Department, including the individually named Defendants, and deliberately, intentionally, and knowingly failed to take

steps to terminate or limit said policies, practices, and customs, including but not limited to:

a. Failure to provide adequate training, supervision, and discipline to officers regarding confirming they are at the correct home before entering a premises without a warrant;

b. Failure to provide adequate training, supervision, and discipline to officers regarding properly identifying the residents of the premises before and during the entry without a warrant;

c. Failure to provide adequate training, supervision, and discipline to officers regarding obtaining facts and inferring from the circumstances whether the 911 Dispatch clearly provides the correct address of a domestic dispute call;

d. Failure to provide adequate training, and discipline its officers regarding how to properly restrain persons while entering the wrong home without a warrant on a domestic dispute call;

e. Failure to provide adequate training, supervision, and discipline to officers regarding the proper limit on the use of force on persons other than the individual they are looking for;

f. Failure to provide clear, concise, and appropriate guidance, including directives, on the aforementioned constitutional obligations of law enforcement officers;

g. Failure to conduct systematic and complete internal affairs investigations and commanding officers' investigations resulting in appropriate and documented corrective actions at all levels of the Warwick Township Police Department;

h. Failure to prevent Plaintiffs from being injured and violating Plaintiffs constitutional rights by members of the Warwick Township Police Department where Defendants knew or should have known of the dangerous propensities of said members and the systemic problem of police abuses in its department;

i. Failure to restrain the use of excessive force by members of its law enforcement agency;

j. Failure to properly test, train, and/or select its officers with regards to proper use of force; and

k. Otherwise acting without due regard for the rights, safety, and position of Plaintiffs in accordance with his constitutional rights.

61. The aforementioned policies, practices, customs, and/or deliberate indifference of Defendant Warwick Township were the proximate cause of the Plaintiffs injuries and losses and the violation of his constitutional rights.

**WHEREFORE**, pursuant to 42 U.S.C. §§ 1983 and 1988, Plaintiffs, Edward McLean, Herminia Miranda, Xavier McLean, Steven McLean and Isabella McLean, demand compensatory damages against Defendant Warwick Township in an amount sufficient to fully and adequately compensate Plaintiffs, plus interest, costs, attorney's fees, and all other appropriate relief.

/s/ *Renae Axelrod*

Renae B. Axelrod, Esq.
PA ID No. 64676
jparris@adlawfirm.com

/s/ *Jason Parris*

Jason E. Parris, Esq.
PA ID No. 312363
jparris@adlawfirm.com

Abramson & Denenberg, P.C.
1315 Walnut Street, Suite 500
Philadelphia, PA 19107
(215) 546-1345
*Counsel for Plaintiffs*